UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROCKY TOP AT MISSION HILLS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-01924-TWP-MJD |
| ) | |
| TRAVELERS INDEMNITY COMPANY OF ) | |
| AMERICA, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's *Motion to Dismiss Count II*. [Dkt. 27] On October 20, 2016, District Judge Tanya Walton Pratt designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 40.] For the reasons set forth below, the Magistrate Judge recommends Defendant's Motion be **GRANTED**.

    I.    <u>**Background**</u>

This is an action for breach of contract and bad faith relating to the denial of an insurance claim. Plaintiff, Rocky Top at Mission Hills LLC ("Rocky Top"), owns apartment buildings located in Greenwood, Indiana. On April 8, 2015, hail and wind from a severe storm allegedly caused more than $3,000,000 in damage to the buildings. Defendant, Travelers Indemnity Company of America ("Travelers"), denied the claim. Travelers now moves to dismiss Rocky Top's bad faith claim pursuant to Rule 12(b)(6), asserting that Rocky Top failed to plead sufficient facts to support the claim.

1

**II.    Legal Standard**

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), federal courts must accept as true all well-pleaded facts alleged in the complaint and give all reasonable inferences to the non-moving party. *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2009) (citing *Savory v. Lyons,* 469 F. 3d 667, 670 (7th Cir. 2006)). In order to state a valid claim, a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff is not required to allege "detailed factual allegations," but must plead facts that, when " 'accepted as true ... state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To determine whether a complaint meets the *Twombly* plausibility standard, the "reviewing court draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. Where the factual allegations are well-pleaded, the Court assumes them to be true and determines whether those facts give rise to a plausible entitlement to relief. *Id.* at 679. A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the actions alleged. *Id.* at 678. Plausibility does not mean probability: a court reviewing a 12(b)(6) motion must "ask itself could these things have happened, not did they happen." *Iqbal*, 556 U.S. at 678. The standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the allegations. *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015).

### III.   Discussion

Implied in all insurance contracts in Indiana is the duty of an insurer to deal with its insured in good faith. *Erie Ins. Co. v. Hickman,* 622 N.E.2d 515, 518 (Ind. 1993). A claim of bad faith exists when the insurer breaches this duty by denying a claim when it knows that there is no rational, principled basis for doing so. *Freidline v. Shelby Ins. Co.,* 774 N.E.2d 37, 40 (Ind. 2002). A finding of bad faith requires evidence of a state of mind of "conscious wrongdoing" including "dishonest purpose, moral obliquity, furtive design, or ill will." *See Monroe Guar. Ins. Co. v. Magwerks Corp.,* 829 N.E.2d 968, 977 (Ind. 2005) (internal quotation omitted); *Colley v. Ind. Farmers Mut. Ins. Group,* 691 N.E.2d 1259, 1261 (Ind. Ct. App. 1998) ("Poor judgment or negligence do not amount to bad faith; the additional element of conscious wrongdoing must also be present.").

To satisfy the Rule 12(b)(6) standard, a complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Travelers asserts the factual allegations related to bad faith in the Complaint, even with all reasonable inferences drawn in Rocky Top's favor, are too conclusory to meet that standard. The Indiana Supreme Court has identified four actions that may constitute bad faith: (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of the claim. *See Erie* 622 N.E.2d at 519. Bad faith does not exist when an insurer rests its coverage decision upon a rational basis. *Masonic Temple Ass'n of Crawfordsville v. Ind. Farmers Mut. Ins. Co.,* 779 N.E.2d 21, 29–30 (Ind. Ct. App. 2002). Travelers argues the Complaint does no more than reference those potential bad faith actions.

Rocky Top's bad faith claim includes the following allegations:

1. On or about April 8, 2015, a storm damaged Plaintiff's property. [Dkt. 1-1 (at ¶2)]

2. The Policy provided coverage for the damage. [*Id*. at ¶3.]

3. Plaintiffs submitted a claim for the damage. [*Id*. at ¶4.]

4. Travelers denied the claim. [*Id*. at ¶5.]

5. Plaintiff complied with all policy terms and conditions. [*Id*. at ¶6.]

6. Travelers committed one or more violations of Indiana Unfair Claims Settlement Practices Act under Ind. Code § 27-4-1-4.5. [*Id*. at ¶10.]

7. A violation of Ind. Code § 27-4-1-4.5 is evidence of bad faith under Indiana law. [*Id*. at ¶11.]

8. Travelers has also made an unfounded refusal to pay a covered claim; deceived the Plaintiff; and/or made an unfounded delay in paying policy proceeds. [*Id*. at ¶12.]

Rocky Top asserts these allegations are sufficient because "[d]enying obvious wind or hail damage, coupled with the size of the claim . . . is evidence of conscious wrongdoing so that the insurer can save money." [Dkt. 34 at 2.] Rocky Top alleges Travelers violated the Indiana Unfair Claims Settlement Practices Act; however, there are no factual allegations to explain *how* Travelers violated the act or which of the sixteen enumerated violations they may have committed. Rocky Top must raise an inference that Travelers knew there was no legitimate basis for denying coverage. The fact that Rocky Top believes the damage was "obvious" – an allegation asserted in its response brief, not the Complaint – is not enough to raise the inference that Travelers denied the claim in bad faith. "While 'detailed factual allegations' are not required to overcome a Rule 12(b)(6) motion, mere 'labels,' 'conclusions,' or 'formulaic recitation[s] of the elements of a cause of action' are insufficient." *H.E. Mcgonigal, Inc. v. Harleysville Lake States Ins. Co.,* No. 1:15-cv-00549-TWP-DML, 2016 WL 4541433, at *3 (S.D. Ind. Aug. 31, 2016) (quoting *Twombly*, 550 U.S. at 555). Rocky Top asserted nothing more than threadbare

4

allegations of bad faith and that is not enough to allow the court to draw a reasonable inference that Travelers is liable. Consequently, Rocky Top's bad faith claim should be **DISMISSED**.[1]

Further, the Court declines Rocky Top's request to stay the resolution of this Motion while it conducts discovery into the bad faith allegations. However, in order to avoid future confusion, Rocky Top is hereby granted leave to conduct discovery into facts that might show that Travelers acted in bad faith in this instance. Should such discovery yield information to support a bad faith claim, Rocky Top may move the Court for leave to amend its complaint.

## IV. Conclusion

Based on the foregoing, the Magistrate Judge recommends Travelers' *Motion to Dismiss Count II* [Dkt. 27] be **GRANTED,** without prejudice. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 02 NOV 2016

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

[1] Rocky Top also vaguely argued Travelers' Motion should be denied because it failed to deny the allegations of bad faith in its Answer. [Dkt. 34 at 2.] Instead, Travelers answered each allegation relating to the bad faith claim by asserting that the allegation is the "subject of Defendant's Motion to Dismiss Count II filed simultaneously with this Answer" [Dkt. 26 at 2-3.] Contrary to Rocky Top's assertion, this response is appropriate and should not be "taken as an admission." [Dkt. 34 at 2.]

Distribution:

Matthew S. Ponzi
FORAN GLENNON PALANDECH & PONZI, PC
mponzi@fgppr.com

Matthew P. Fortin
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
mfortin@fgppr.com

Michael Eugene Simmons
HUME SMITH GEDDES GREEN & SIMMONS
msimmons@humesmith.com

William David Beyers
HUME SMITH GEDDES GREEN & SIMMONS
bbeyers@humesmith.com

Eric C. McNamar
LEWIS WAGNER LLP
emcnamar@lewiswagner.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

David E. Miller
SAEED & LITTLE
david@sllawfirm.com